IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James D. Scott, | ) | C/A No.  0:16-533-BHH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Warden Robert Stevenson, III; Warden Cecilia | ) | |
| Reynolds; Chaplain B. Collough; Chaplain J. | ) | |
| Michael Brown; Chaplain Leonard Cain, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff James D. Scott, a state prisoner who is represented by counsel, filed this action against the named defendants pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq., and 42 U.S.C. § 1983, as well as pursuant to state law.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 25.)  Scott filed a response in opposition to the defendants' motion (ECF No. 30), and the defendants replied (ECF No. 32).  Also pending before the court is Scott's motion for a preliminary injunction (ECF No. 12), to which the defendants filed a response in opposition (ECF No. 24).  Having reviewed the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted as to Scott's federal claims and Scott's motion should be denied.

_____

[1] The defendants removed this action from the Richland County Court of Common Pleas.

## BACKGROUND

The following facts are either undisputed or are taken in the light most favorable to Scott, to the extent they find support in the record. Scott alleges that he is an adherent to the Shetaut Neter religion, but that this religion is not recognized by the South Carolina Department of Corrections ("SCDC"). Scott alleges that although he has made repeated requests to SCDC for formal recognition of his religion, such requests were denied or ignored. Scott complains that, as a result, he has been unable to possess items required to practice his religion—specifically, both volumes of the religious text associated with Shetaut Neter, and Metu Neter Oracle Cards. He alleges that certain SCDC policies prevent him from practicing his religion and, therefore, violate RLUIPA. Scott references SCDC Policy PS-10.05, which specifies that the institutional chaplain should ensure the protection of inmates' religious freedom and should respond to all inmate requests in a fair and impartial manner; SCDC Policy PS-10.08 § 9.01, which prohibits inmates from receiving any publications, including religious literature, while housed in the Restrictive Housing Unit ("RHU," formerly known as the Special Management Unit ("SMU")); and SCDC Policy OP-22.12,[2] which allows inmates housed in the RHU to possess one religious text. Additionally, Scott alleges that Defendants Stevenson, Brown, and Cain violated his First and Fourteenth Amendment rights "[t]hrough their actions and inactions." (Compl., ECF No. 1-1 at 6.) Scott primarily seeks injunctive and declaratory relief, but also seeks monetary damages against Defendants Stevenson, Brown, and Cain.

---

[2] The defendants note that this policy has been superseded by SCDC Policy OP-22.38 entitled "Restrictive Housing Unit."



## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.    Defendants' Motion for Summary Judgment**

**1.    Claims for Injunctive and Declaratory Relief**

As described above, the bulk of Scott's claims stem from SCDC's alleged failure to recognize Shetaut Neter as a religion, and SCDC policies that allegedly prevented Scott from possessing certain religious texts and publications while housed in the RHU.  The defendants argue that such claims are now moot, as SCDC has completed the process for the official recognition of Shetaut Neter as an official faith group within SCDC, and as Scott is no longer housed in RHU but instead resides in the general population, where he has remained since October 27, 2016. (Scarborough Aff. ¶ 3, ECF No. 32-2 at 2; Bowie Aff. ¶ 3, ECF No. 32-1 at 1.)  In response to the defendants' motion, Scott concedes that he has access to his religious text and Oracle Cards while in general population, but argues that there is a likelihood that "the complained of burden on [Scott's] religious freedom would recur and evade review."[3]  (Pl.'s Resp. Opp'n Summ. J., ECF No. 30 at 2.)

"Mootness principles derive from the requirement in Article III of the Constitution that federal courts may adjudicate only disputes involving 'a case or controversy.' " <u>Williams v. Ozmint</u>, 716 F.3d 801, 808 (4th Cir. 2013) (quoting <u>Warren v. Sessoms & Rogers, P.A.</u>, 676 F.3d 365, 370 (4th Cir. 2012)).  "A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>Williams</u>, 716 F.3d at 809 (internal quotation

---

[3] Scott also summarily states that, some time after the defendants' filing of their motion for summary judgment, Scott "was again placed in RHU."  (Pl.'s Resp. Opp'n Summ. J., ECF No. 30 at 2.)  However, the defendants filed a reply to Scott's response in which they provided unrefuted affidavit testimony that Scott was transferred to the general population on October 27, 2016—prior to the defendants' filing of their summary judgment motion on November 10, 2016—and has remained in the general population as of the December 15, 2016 sworn affidavit.  (<u>See</u> Scarborough Aff. ¶ 3, ECF No. 32-2 at 1.)



marks and citation omitted). "Mootness questions often arise in cases involving inmate challenges to prison policies or conditions, and courts . . . have held that the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives." Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

Here, since SCDC now recognizes Shetaut Neter as an official faith group, Scott's claims regarding recognition of his religion and other alleged burdens associated with such lack of recognition are no longer "live." Similarly, as Scott has been transferred from RHU to the general population, he no longer has a legally cognizable interest in the outcome of his claim regarding the policies and restrictions governing the RHU, as he is no longer subject to those policies and restrictions. Accordingly, these claims are now moot.[4]

An exception to mootness may apply if a claim is "capable of repetition, yet evading review." Incumaa, 507 F.3d at 288-89 (quoting Fed. Election Comm'n v. Wis. Right to Life, Inc., 551 U.S. 449, 463 (2007)). However, this doctrine applies only in exceptional circumstances and requires a litigant to show that "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party

---

[4] Moreover, although not addressed by the parties, at least one court in this district has found, *sua sponte*, in similar circumstances, that the applicability of RLUIPA's safe harbor provision—"which provides that the government may avoid liability under RLUIPA 'by changing the policy or practice that results in a substantial burden on religious exercise, by retaining the policy or practice and exempting the substantially burdened religious exercise, by providing exemptions from the policy or practice for applications that substantially burden religious exercise, or by any other means that eliminates the substantial burden' "—can be analyzed under a mootness analysis. See Philips v. South Carolina Dep't of Corr., Civil Action No. 8:14-2269-BHH, 2015 WL 4727028, at *5 (D.S.C. Aug. 10, 2015) (quoting 42 U.S.C. § 2000cc-3(e)).



will be subject to the same action again." <u>Incumaa</u>, 507 F.3d at 289 (quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 17 (1998)).

In the instant matter, Scott has failed carry his burden of demonstrating that this exception applies. Although Scott argues that there "exist[s] the likelihood that the complained of burden on [Scott's] religious freedom would recur and evade review," presumably by being placed again in RHU, he has presented no evidence to show that he is likely to be housed in RHU in the future or that SCDC would arbitrarily place Scott in RHU. Rather, finding the exception applicable in this matter would require the court to forecast recalcitrant behavior on Scott's part such that would necessitate his placement in RHU. However, mootness jurisprudence in the context of the "capable of repetition, yet evading review" exception cannot be based on the likelihood that an inmate will fail to follow prison rules. <u>Incumaa</u>, 507 F.3d at 289. Indeed, " 'conjecture as to the likelihood of repetition has no place in the application of this exceptional and narrow grant of judicial power' to hear cases for which there is *in fact* a *reasonable* expectation of repetition." <u>Id.</u> (quoting <u>Abdul-Akbar v. Watson</u>, 4 F.3d 195, 207 (3d Cir. 1993)). Instead, "[t]here must be a 'demonstrated probability' that the challenged action will recur again." <u>Id.</u> (quoting <u>Murphy v. Hunt</u>, 455 U.S. 478, 483 (1982)). Accordingly, Scott cannot demonstrate that the mootness exception applies, and the defendants are thus entitled to summary judgment as to these claims. <u>See</u>, <u>e.g.</u>, <u>Slade v. Hampton Roads Reg'l Jail</u>, 407 F.3d 243, 249 (4th Cir. 2005) (presuming, in deciding whether an exception to mootness applies, that individuals will abide by the law in the future).

### 2. Monetary Damages

Additionally, Scott alleges in count three of his Complaint that Defendants Stevenson, Brown, and Cain violated his First and Fourteenth Amendment rights "[t]hrough their actions and



inactions." (Compl., ECF No. 1-1 at 6.) The defendants argue that Scott's claims in count three should be dismissed for failing to meet the pleading requirements under Rule 8(a)(2) of the Federal Rules of Civil Procedure, as detailed in Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled ro relief." As argued by the defendants, Scott fails to provide any factual allegations as to how these defendants violated Scott's constitutional rights other than summarily stating that "[t]hrough their actions and inactions," Defendants Stevenson, Brown, and Cain "violated Mr. Scott's free exercise of religion, in violation of the First and Fourteenth Amendments to the U.S. Constitution." (ECF No. 1-1 at 6.) Such blanket statements fall short of the pleading standard required by Rule 8. See Iqbal, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Therefore, Scott's allegation that the defendants violated his constitutional rights is not supported by facts that would plausibly show the defendants are liable to Scott for any alleged misconduct. See id. (stating a pleading must offer more than "labels and conclusions or a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement").

In response to the defendants' motion, Scott provides additional argument that Defendants Cain and Brown failed to address his grievances and failed to respond to his request for formal recognition of his religion. (Pl.'s Resp. Opp'n Summ. J., ECF No. 30 at 5.) Scott also summarily argues that Defendant Stevenson failed to timely respond or assist in eliminating the deprivation of Scott's constitutional rights. (Id.) Scott provides several attachments to his response, to include two



Step 1 grievances, a Step 2 grievance, and a Request to Staff; however, these grievances and requests are neither addressed to nor appear to reference specifically Defendants Stevenson, Brown, or Cain. Additionally, Scott summarily argues that "genuine issues of material fact exist in this case as to whether the regulation relied on by Defendants is constitutionally permissible." (Id.)

The additional arguments by Scott are insufficient to cure the Complaint's deficiencies. Even considering Scott's additional arguments, however, Scott has failed to forecast evidence from which a reasonable jury could find a violation of Scott's constitutional rights by Defendants Stevenson, Brown, and Cain. To the extent Scott argues that Defendants Brown and Cain did not timely respond to his grievances, the court observes that a prisoner has no constitutional right to a prison grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state."); see also Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). To the extent Scott argues that Defendant Stevenson in his supervisory position as warden did not timely respond or assist in eliminating the deprivation of Scott's constitutional rights, a claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim, and Scott has failed to demonstrate that Warden Stevenson was constructively aware of a risk of constitutional injury. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). Additionally, to the extent Scott argues Defendants Brown and Cain failed to respond to his request for formal recognition of his religion, the defendants have presented unrefuted, sworn testimony from Defendant Brown that flies in the face of this conclusory, unsupported statement. (See Brown Aff. ¶¶ 2-3, ECF No. 25-2 at 2 (avering that he has been

working through the process established by SCDC policy for the official recognition of Shetaut Neter as a faith group with SCDC and describing the research process and preparation of proposed guidelines)). Accordingly, the defendants are entitled to summary judgment as to Scott's claims against Defendants Stevenson, Brown, and Cain.

It is also unclear what relief Scott seeks, if any, against the remaining individual defendants in this matter, as the remaining individuals are not mentioned specifically in any count of the Complaint. Accordingly, to the extent Scott intended to allege a claim against the remaining individual defendants, the court finds he has failed to state a plausible claim for relief. Iqbal, 556 U.S. at 667-68.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment should be granted with regard to Scott's federal claims (ECF No. 25), and that Scott's motion for a preliminary injunction should be denied (ECF No. 12). Additionally, the court should decline to exercise supplemental jurisdiction over Scott's state law claim.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 26, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).